CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 28 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LYSLORD-DUNCAN, | |
| Plaintiff, | Civil Action No.: 7:11cv00068 |
| V. | **MEMORANDUM OPINION** |
| BANK OF AMERICA, | By: Samuel G. Wilson |
| Defendant. | United States District Judge |

This is a *pro se* action by Terry A.J. Lyslord-Duncan, plaintiff, an inmate at Red Onion State Prison who is proceeding *in forma pauperis*, against Bank of America, defendant.[1] The most that can be reliably discerned from Lyslord-Duncan's complaint is that he alleges that Bank of America discriminated against him on account of a disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, by declining to permit him to open an account through mail correspondence.[2] Lyslord-Duncan alleges that incarceration limits one or more of life's major activities, and that he is "in a sense" disabled because he is not free to "just walk out of prison to open an account at a bank." Though the court is sure that incarceration is limiting a number of Lyslord-Duncan's activities, the court is also quite sure that Congress did not have incarceration in mind as a disability when it enacted the ADA. Accordingly, the court grants Lyslord-Duncan's application to proceed without prepayment of

---

[1] Lyslord-Duncan also identifies himself as the founder of an entity he calls "Lyslord-Duncan-Royal Projects" which he also named as plaintiff.

[2] The civil cover sheet Lyslord-Duncan completed alleges that his claims arise under 42 U.S.C. §§ 12101-12213. His complaint also identifies 12 U.S.C. § 1975 which establishes jurisdiction over violations of 42 U.S.C. § 1972. "Congress enacted § 1975 of the [Bank Holding Company Act ("BHCA")], creating a private right of action in favor of individuals harmed by virtue of violations of the anti-tying provisions of the BHCA." Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1345-46 (11th Cir. 1997).

fees, but dismisses his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Entered this 28th day of February, 2011.

_____
UNITED STATES DISTRICT JUDGE